# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-40321
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO GUZMAN-VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-391-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marco Guzman-Velasquez appeals his conditional-guilty plea conviction for being an alien in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). He first challenges the denial of his motion to suppress the firearms found during a search of a residence located at 3512 Violet Avenue in McAllen, Texas, and the search of an apartment that he shared with codefendant Carlos Rios-Davila.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In considering a ruling on a motion to suppress based on live testimony, we generally review a district court's conclusions on Fourth Amendment issues de novo and its factual findings for clear error. *United States v. Gomez-Moreno,* 479 F.3d 350, 354 (5th Cir. 2007). "Factual findings are clearly erroneous only if a review of the record leaves this [c]ourt with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks omitted). The evidence is considered in the light most favorable to the prevailing party, which in this case is the Government. *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008). We may affirm the district court's decision on any basis in the record. *United States v. Mata*, 517 F.3d 279, 284 (5th Cir. 2008).

With regard to the search of the Violet Avenue residence, Guzman-Velasquez argues that the district court erred when it ruled that he lacked standing to challenge the search. Guzman-Velasquez fails to demonstrate that he had an individual subjective and legitimate expectation of privacy in the residence. *See Minnesota v. Carter*, 525 U.S. 83, 90 (1998); *United States v. Vega*, 221 F.3d 789, 795 (5th Cir. 2000), *abrogated on other grounds, as recognized in United States v. Aguirre*, 664 F.3d. 606, 611 n.13 (5th Cir. 2011). Rather, the evidence adduced at the suppression hearing showed that he was a mere visitor and thus not entitled to Fourth Amendment protection. *See United States v. Majors*, 328 F.3d 791, 795 (5th Cir. 2003).

With regard to the search of the apartment he shared with Rios-Davila, Guzman-Velasquez argues that the district court erred in finding that Rios-Davila validly consented to the search. Guzman-Velasquez avers that Rios-Davila's consent was invalid because it was tainted by Rios-Davila's prior illegal detention in the backyard of the Violet residence and that the taint had not been purged. This argument is raised for the first time on appeal. In this circuit, a defendant's failure to "raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for

appeal." *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006). However, this court has "often proceeded to evaluate the issues under a plain error standard for good measure." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010). Guzman-Velasquez has not demonstrated that any error in the denial of the motion to suppress the firearms recovered from his apartment affected his substantial rights. *See Pope*, 467 F.3d at 920; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Guzman-Velasquez contends next that the district court erred in imposing the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). We review the district court's interpretation or application of the Guidelines de novo, and its factual findings for clear error. *See United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010). "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

Section § 2K2.1(b)(6) provides that the base offense level for a firearms offense should be increased by four levels "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense." The enhancement applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." § 2K2.1, comment. (n.14(A)). "'Another felony offense', for purposes of subsection (b)(6), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, comment. (n.14(C)).

The district court's finding that Guzman-Velasquez's firearm possession occurred in connection with another felony offense, to wit, the felony offense of smuggling weapons from the United States into Mexico, was plausible in light of the record as a whole and, thus, not clearly erroneous. *See United States v.*

*Juarez*, 626 F.3d 246, 255 (5th Cir. 2010)*; Coleman*, 609 F.3d at 708.  The judgment of the district court is affirmed.

AFFIRMED.